CJ14 2496 —
B. Jones

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

PRINCESS LOVE,

    Plaintiff,

v.

FAMILY DOLLAR STORES,

    Defendant.

Case No. CJ-2014-2496

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 3 0 2014

TIM RHODES
COURT CLERK

38 _____

### PETITION

COMES NOW Plaintiff Princess Love and for her cause of action would respectfully show unto the Court as follows:

I. JURISDICTION AND VENUE:

1. Jurisdiction of the Court with respect to Plaintiff's Federal Claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., as further set out herein, is founded upon the existence of a federal question and is authorized by 28 U.S.C. § 1331, 29 U.S.C. §1132(e), 42 U.S.C. §2000-5(f)(3), and 28 U.S.C. § 1343:

2. Jurisdiction of the Court with respect to Plaintiff's claims arising under the laws of the State of Oklahoma, as further set out herein, is founded upon the Court's pendant jurisdiction as authorized by 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c).

Exhibit # 01

APP 001

II. PARTIES:

4. Plaintiff Princess Love is a resident of Edmond, the State of Oklahoma. During parts of the relevant time period, she was employed by the Defendant Family Dollar Stores in Oklahoma City, Oklahoma County, in the Western District of Oklahoma.

5. The Defendant Family Dollar Stores, Inc., is an Oklahoma Corporation licensed to do business in the State of Oklahoma as a grocery and convenience store in Oklahoma City, Oklahoma. The events relevant to the acts complained of herein all occurred within Oklahoma County, Oklahoma.

III. ALLEGATIONS

COUNT 1-TITLE VII

6. In December 9, 2011, Plaintiff, a black female, was initially hired by Defendant Family Dollar Stores, Inc., as a cashier. Plaintiff performed her duties in a satisfactory manner. Around February, 2012, an employee who was white was promoted to be the store manager. This store manager often made offensive remarks and comments about black customers at the store to Plaintiff and other black employees.

On June 1, 2012, Plaintiff approached the store manager and demanded the reasons the black assistant managers were earning $2.50 less than the white assistant managers. Although the store manager agreed and admitted to change and fix the disparity, he discharged Plaintiff within fourteen (14) days for an incident (allowing a cashier, Amy, to count money ) in which all the white assistant managers, including the office manager allowed the

cashier to count their money before Plaintiff did.

Upon information and belief, Defendant and its staff began harassing Plaintiff immediately after the Defendant was made aware of disparity treatment, and salary being used between white and black employees. Plaintiff was terminated fourteen (14) days after Defendant was made aware of disparity treatment among its employees. Plaintiff seeks redress for discrimination on account of race, suffered by her in violation of the laws of the United States in her capacity as an employee of Family Dollar Stores, Inc.

Specifically, Plaintiff alleges that she was required to work in a place and under conditions where bias and prejudice against members of her race, and gender existed on the part of her co-workers and her superiors; that because of this discriminatory atmosphere she was harassed and treated poorly on the job; that she was denied the use and access of some of the facilities afforded to her co-workers; that she was denied the benefits of seniority afforded to her co-workers; and that when she complained of the above abuses she became the subject of retaliation and eventually was terminated in June 14, 2012.

7. At all times during her employment by Family Dollar Store, Plaintiff performed her duties in a commendable manner.

8. The Plaintiff is a female, African- American and qualifies as a member of a protective class under Title VII of the Civil Rights Act of 1964.

9. On information and belief, the Defendant does not refuse to provide benefits, and salary increases to the other assistant store managers who are male, white Americans who work at Family

Dollar Stores, Inc.

10. On information and belief, a substantial motivating factor in the Defendant's refusal to provide the Plaintiff with the same benefits, and retaliate against the Plaintiff was the fact that she is black, and female.

11. On information and belief, the Defendant does not retaliate against white American male store employees who work at Family Dollar Stores, Inc., who complain about unfair, and disparity treatment to the store managers.

12. In the manner set out above, the Defendant discriminated against the Plaintiff because of her race, black, and a woman, thereby violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Said Defendant acted with evil motive or intent or with callous indifference to the Plaintiff's federally protected rights.

13. As a result of the Defendant's discrimination against the Plaintiff because of her race, and gender, in violation of Title VII, the Plaintiff has been injured to the extent of the relief prayed for herein.

14. The Plaintiff filed timely Charges of Discrimination with the Equal Employment Opportunity Commission, and the Civil Rights Division of the Attorney General's office, and received a Right to Sue letter from EEOC pursuant to which this suit has been timely brought.

## COUNT II - VIOLATION OF OKLAHOMA'S ANTI-RETALIATION AND PUBLIC POLICY

15. The Plaintiff reasserts and incorporates herein all of the allegations set out above.

16. The Plaintiff's disparity treatment by the Defendant herein because of her race, gender, and the retaliation violation of the Oklahoma Anti-Retaliation Statutes 25 O.S. Section 1101 through 1901, as set out above was a violation of the public policy of the State of Oklahoma as expressed in 25 Okla. Stat. § 1302 (A)(1). Said Defendant acted with evil motive or intent or with callous indifference to the Plaintiff's protected rights under Oklahoma law.

17. As a result of the Defendant's violation of the public policy of the State of Oklahoma, and the Anti-Retaliation Statutes as set out above, the Plaintiff has been injured to the extent of the relief prayed for herein.

WHEREFORE Plaintiff prays for judgment against defendant to the extent set out below:

### COUNT 1 RELIEF

#### THE TITLE VII CLAIM

Upon Count I as set out above, Plaintiff prays for relief against Defendant consisting of: (1) compensatory damages for lost past and future income and fringe benefits resulting from her discharge in an amount to be determined at trial, (2) compensatory damages for the Plaintiff's emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other

nonpecuniary losses in a total amount as may be shown by the evidence at trial, Plaintiff further prays upon this count for relief against Defendant and against the individual defendant consisting of injunctive relief - if reinstatement is granted rather than front pay - requiring that Defendant and the individual defendant refrain from retaliation against Plaintiff because of her having pursued judicial relief against defendant. Plaintiff further prays upon this count for relief against Defendant consisting of prejudgment interest to the extent available by law, and her costs and attorneys fees, including expert witness fees.

<u>COUNT II RELIEF</u>

THE PUBLIC POLICY, AND RETALIATION CLAIMS

Upon Count II as set out above, Plaintiff prays for relief against Defendant as the evidence may reveal who directed, urged, participated in, or ratified Plaintiff's termination, and the disparity treatment against Plaintiff consisting of: (1) compensatory damages for lost past and future income and fringe benefits resulting from her discharge in an amount to be determined at trial, (2) compensatory damages for the Plaintiff's emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in a total amount as may be shown by the evidence at trial. Plaintiff further prays upon this count for relief against Defendant and against the individual defendant consisting of injunctive relief - if reinstatement is granted rather than front pay - requiring that Defendant refrain from retaliation against Plaintiff because of her having pursued

judicial relief against defendant. Plaintiff further prays upon this count for relief against Defendant as the evidence may reveal that she directed, urged, participated in, and ratified the Plaintiff's demotion and disparity treatment consisting of prejudgment interest to the extent available by law and her costs and attorneys fees, including expert witness fees.

WHEREFORE Plaintiff prays for judgment against defendant to the extent set out above.

Respectfully submitted,

E. Ed Bonzie, OBA# 15190
8201 S. Walker
Oklahoma City, Ok 73139
405-631-1021 (Phone)
405-616-2488 (Fax)
Attorneys for Plaintiff

I, TIM RHODES, Court Clerk for Oklahoma County, Okla., certify that the foregoing is a true, correct and complete copy of the instrument as appears of record in the District Court Clerk's Office of Oklahoma County, Okla., this _____ day of _____, 20__.
TIM RHODES, Court Clerk
By_____ Deputy